**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDRE BENJAMIN, et al., | CASE NO. 1:08cv1025 AWI DLB |
| Plaintiffs, | ORDER DENYING PLAINTIFFS' *EX PARTE* APPLICATION FOR STAY (Document 47) |
| vs. | |
| GREGORY BIXBY, et al., | |
| Defendants. | |

Plaintiffs Andre Benjamin (aka Andre 3000) ("Benjamin"), The Benjamin Company, LLC, High Schoolers, LLC, and Andre 3000, Inc. (collectively "Plaintiffs") filed the instant action on July 17, 2008, for cybersquatting, trademark infringement, false designation of origin, false advertising, commercial misappropriation of likeness, infringement of the common law right of publicity, unfair competition, and unjust enrichment against Defendants Greg Bixby, Ben Bixby and Lock Jaw Racing, LLC.

Plaintiffs filed a First Amended Complaint ("FAC") on July 30, 2008. On March 19, 2009, Defendants Gregory Bixby and Benjamin Bixby filed an answer to the FAC.[1]

On June 2, 2009, Defendants filed a motion to transfer venue to the Western District of

---

[1] Plaintiffs filed a notice of voluntary dismissal without prejudice as to Defendant Lock Jaw Racing, LLC, on September 19, 2008.

1  Michigan under 28 U.S.C. § 1404(a).  On June 25, 2009, Plaintiffs filed their opposition to the
2  motion, along with the declarations of Andre Benjamin, Eufaula Garrett, Mary Grieco and Staci
3  Riordan.  Defendants did not file a reply.  At the hearing, Defendants submitted the declarations of
4  Greg Banks and Benjamin Bixby, which were entered on the docket on July 14, 2009.
5    On July 21, 2009, the Court granted Defendants' motion to transfer venue, ordering the
6  matter transferred to the United States District Court for the Western District of Michigan, Southern
7  Division.  Pursuant to the Court's order, the matter was transferred electronically to the Western
8  District of Michigan.
9    On July 22, 2009, Plaintiffs filed the supplemental declarations of Peter H. Campbell and
10 Staci J. Riordan in opposition to the motion to transfer venue.  Thereafter, on July 27, 2009,
11 Plaintiffs filed the instant *ex parte* application for stay of the Court's July 20, 2009 order granting
12 Defendants' motion to transfer. Plaintiffs have represented to this Court that Defendant Greg Bixby
13 does not oppose the *ex parte* request to stay transfer of this matter.  Declaration of Staci J. Riordan, ¶
14 5.
15               **Discussion**
16   A district court possesses an inherent authority to stay proceedings that is "'incidental to the
17 power inherent in every court to control the disposition of the causes of the docket with economy of
18 time and effort for itself, for counsel, and for litigants.'"  See Rivers v. Walt Disney Co., 980 F.Supp.
19 1358, 1360 (C.D.Cal.1997) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S.Ct. 163, 81
20 L.Ed. 153 (1936)).
21   Here, Plaintiffs identify two reasons for a stay of the transfer order.  Plaintiffs first request the
22 instant stay because they intend to file a motion for reconsideration pursuant to Local Rule 72-303(c)
23 and Federal Rule of Civil Procedure 60 of the Court's order transferring this case to the Western
24 District of Michigan.  Plaintiffs second stated reason for a stay is to allow the parties to mediate
25 and/or resolve this case.  Plaintiffs assert that a short stay "serves the interest of conserving judicial
26 resources and the financial resources of the parties."  *Ex Parte* Application, p.4.  Additionally,
27 Plaintiffs explain that Defendant Gregory Bixby has agreed not to oppose the stay of transfer for the
28 purpose of attempting to resolve this matter.

1     The Court does not find good cause to stay the transfer pending the filing and resolution of a motion for reconsideration as the matter has already been transferred to the Western District of Michigan. Therefore, Plaintiffs' *ex parte* application for stay of the transfer is DENIED. However, Plaintiffs are not precluded from filing a motion for reconsideration or presenting new evidence, if any, demonstrating that venue is not appropriate in the Western District of Michigan.

    The Clerk of the Court is DIRECTED to electronically transmit a copy of this Order to the United States District Court of the Western District of Michigan.

IT IS SO ORDERED.

**Dated:** **August 2, 2009**         **/s/ Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE