**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ANDRE BENJAMIN, et al.,**     ) | 1:08-CV-1025  AWI DLB |
|                                                      ) | |
|                **Plaintiffs**,        ) | **ORDER ON PLAINTIFFS'** |
|         v.                                       ) | **MOTION FOR** |
|                                                      ) | **RECONSIDERATION** |
| **GREGORY BIXBY, et al.,**     ) | |
|                                                      ) | |
|                **Defendants.**    ) | |
| _____) | |

On July 10, 2009, Magistrate Judge Beck heard oral arguments regarding Defendants' motion to transfer venue under 28 U.S.C. § 1404. See Court's Docket Entry No. 37. On July 21, 2009, Magistrate Judge Beck signed an order granting the motion. See id. at No. 42. On July 21, 2009, at 11:20 a.m., the case was electronically transferred to the Western District of Michigan. See id. at No. 43. On July 21, 2009, at 1:41 p.m., the case was opened in the Western District of Michigan. See id. at No. 44. The new case number in the Western District of Michigan is 1:09-cv-671. See id. A review of the docket of the Western District of Michigan for case number 1:09-cv-671 shows that notice was sent to the Director of Patents and Trademarks Office on July 22, 2009. On July 27, 2009, Plaintiffs filed with Magistrate Judge Beck an ex parte application for a stay of the transfer order. See id. at No. 47. On August 4, 2009, Plaintiffs filed a motion for reconsideration of Magistrate Judge Beck's transfer order. See id. at No. 48. In essence, the motion for reconsideration argues that Magistrate Judge Beck improperly allowed and relied on

unsworn testimony (given at the July 10, 2009, hearing) and unsworn declarations in deciding the motion to transfer.  See id.

On August 5, 2009, Magistrate Judge Beck denied the ex parte application for a stay and noted that the case has already been transferred to the Western District of Michigan.  See id. at No. 50.  That order was docket in the Western District of Michigan on August 7, 2009.  On August 13, 2009, the Western District of Michigan referred the case to Magistrate Judge Carmody.

Hearing on the motion for reconsideration in this Court is set for September 14, 2009.  However, the Ninth Circuit has adopted the rule that a § 1404 transfer "ends the jurisdiction of both the transferor court and the corresponding appellate court when the motion is granted and the papers are entered in the transferee court's records."  Lou v. Belzberg, 834 F.2d 730, 733 (9th Cir. 1987); see also Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997); NBS Imaging Systems, Inc. v. United States Dist. Ct. for the Eastern Dist. of Cal., 841 F.2d 297, 298 (9th Cir. 1998); In re Donald, 328 B.R. 192, 197 (B.A.P. 9th Cir. 2005).  While the Ninth Circuit has recognized exceptions to this rule for its own appellate review, see NBS, 841 F.2d at 298; In re Donald, 328 B.R. at 197, the Court is unaware of the Ninth Circuit recognizing an exception for district courts.  Here, the Western District of Michigan acknowledged receipt of this case, assigned the case a new number on July 21, 2009, has sent a notice to the Patent and Trademark Office, and has referred the matter to one of its own Magistrate Judges.  See Court's Docket Entry Nos. 43, 44; Western District of Michigan Docket.  Plaintiffs do not address the effect of the transfer or argue the application of any exception to the general rule of *Lou*, they instead challenge the correctness of the Magistrate Judge considering certain evidence.  Since the Western District of Michigan "entered the papers" of this case in its own docket on July 21, 2009, and has issued orders and made other entries, the general rule of *Lou* leads to the conclusion that the Court lacks jurisdiction to hear the motion for reconsideration.  See Lou, 834 F.2d at 733; see also Wilson, 111 F.3d at 692.  As such, the Court must deny the motion for reconsideration.

Accordingly, IT IS HEREBY ORDERED that:

1. The September 14, 2009, hearing date on Plaintiffs' motion for reconsideration of the Magistrate Judge's transfer order is VACATED;
2. The motion for reconsideration is DENIED as this Court is without jurisdiction; and
3. This case remains closed.

IT IS SO ORDERED.

Dated:   August 18, 2009              /s/ Anthony W. Ishii
                                  CHIEF UNITED STATES DISTRICT JUDGE